Nelson **VALLADARES**,
Petitioner–Appellant,

v.

**UNITED STATES** of America,
Respondent–Appellee.

No. 87–8070
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 5, 1988.

Allen R. Smith, Winter Haven, Fla., for petitioner-appellant.

William H. McAbee, II, Asst. U.S. Atty., Savannah, Ga., for respondent-appellee.

Before HILL, HATCHETT and ANDERSON, Circuit Judges.

PETITION FOR REHEARING

HILL, Circuit Judge:

Appellant has filed a petition for rehearing in this case asserting that this court, as well as the district court, did not apprehend all of the issues that were before the district court in his section 2255 petition. It is difficult to determine from the record whether and at what point the various issues were actually placed before the district court. While appellant's section 2255 motion pointed to newly discovered evidence as the only "grounds" for relief, it is apparent that the district court heard testimony and argument on several issues. We find it understandable that the district court's final order focused only on the newly discovered evidence. Nevertheless, given that other issues were discussed at the hearing, and giving the appellant the benefit of the doubt, we conclude that each of the issues discussed below was at some point placed before the district court. Therefore, appellant's petition for rehearing is granted. The prior panel opinion in this case is hereby vacated, and the following is substituted in its place:

Appellant, Nelson Valladares, was convicted of possession and conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(6). He was sentenced to 40 years of imprisonment and fined $375,000. The conviction was affirmed on direct appeal. *See United States v. Simmons,* 725 F.2d 641 (11th Cir.), *cert. denied,* 469 U.S. 827, 105 S.Ct. 108, 83 L.Ed.2d 52 (1984).

Valladares then moved to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. He alleged newly discovered evidence, inadequacy of an interpreter at his trial, and ineffective assistance of counsel. The motion was denied, as was a motion to vacate the initial denial, and Valladares appeals.

On appeal, Valladares first argues that he is entitled to a new trial based on newly discovered evidence. That evidence consists of testimony from two of the members of the drug conspiracy, David Blackston and Carroll Ziegler, stating that appellant was not involved in the illegal activity. In order to prevail on a motion for a new trial based upon newly discovered evidence, a convicted defendant must show that the evidence: (1) is newly discovered; (2) is material and not merely cumulative or impeaching; (3) will probably produce an acquittal; and (4) that the defendant did not fail to learn of the evidence due to his lack of diligence. *Bentley v. United States,* 701 F.2d 897, 898 (11th Cir.1983). The decision of the district court on such a motion will not be disturbed absent an abuse of discretion. *United States v. Russo,* 717 F.2d 545, 550 (11th Cir.1983).

At trial, the government's central evidence against Valladares was the testimony of three eyewitnesses who identified Valladares as a member of the drug conspiracy. At the hearing on the current motion, Blackston and Ziegler, neither of whom was one of the three trial witnesses, testified that they did not know Valladares until they met him in prison after his trial. They could not, however, explain the established fact that there were a number of telephone calls to Valladares' phone from their residences at the time that the drugs in question were brought into this country. Given this evidence, and the fact that the two new witnesses were unable to remember anyone who was involved in the conspiracy, the district court found that their

testimony was not credible and would not change the result of the trial. That finding was amply supported and that decision was not an abuse of discretion.

Valladares' second claim is that he was denied a fair trial and the right to confront witnesses because an interpreter was not present on the first day of his trial. He also argues that the federal statute requiring interpreters in some cases, 28 U.S.C. § 1827(d), was violated.

The district court made no findings regarding this claim and did not discuss the matter in its final order. The record indicates that this issue was mentioned briefly in appellant's original motion and was discussed at the hearing, but was put aside prior to a final decision. Because the district court did not make findings on this claim, the case must be remanded for further consideration of the issue.

 Appellant's final claim is that he was denied effective assistance of counsel. Valladares argues that his counsel failed to develop an alibi defense fully, and that he was not allowed to testify. While the district court did not specifically deal with this claim in its final order, a review of the record reveals that appellant cannot sustain the burden of proving, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that his counsel's efforts were outside the range of professional competence and that the fairness of the result was consequently undermined. Trial counsel testified that he attempted to gather alibi evidence, but that there was not enough material. There was also testimony that Valladares himself chose not to take the stand. Moreover, Valladares conceded that, if he had testified, he would have admitted that he had tried to "fix" the case by attempting to influence the trial judge. Appellant falls far short of establishing a claim of ineffective assistance of counsel on these grounds.

Appellant also argues that there was a disabling language barrier between himself and his lawyer, thus rendering the assistance of counsel ineffective. As with the interpreter claim, this matter was discussed during the hearing but was not mentioned in the district court's final order. Therefore, this element of the ineffective assistance claim must also be remanded for further consideration by the district court. On remand, the district court may find that the record is complete on the interpreter and language barrier issues, or it may find that additional evidence is needed. We express no opinion as to the need for such additional evidence.

The decision of the district court is AFFIRMED in part; VACATED in part; and REMANDED.