Nelson VALLADARES,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 88–8356.

United States Court of Appeals,
Eleventh Circuit.

May 5, 1989.

Benson B. Weintraub, Sonnett Sale & Kuehne, Benedict P. Kuehne, Miami, Fla., for petitioner-appellant.

William H. McAbee, II, Asst. U.S. Atty., Savannah, Ga., for respondent-appellee.

Before POWELL *, Associate Justice (Retired), United States Supreme Court, RONEY, Chief Circuit Judge, and HILL, Circuit Judge.

POWELL, Associate Justice:

Appellant Nelson Valladares challenges his conviction for conspiracy to possess and distribute marijuana on the ground that his interpreter's performance at trial was inadequate. We affirm the district court's holding that appellant's understanding of the trial and the assistance of his counsel

* Honorable Lewis F. Powell, Jr., Associate Justice of the United States Supreme Court, retired, sitting by designation.

were adequate under constitutional and statutory standards.

## I.

Appellant was convicted in 1982 of conspiring to possess and distribute 1,000 pounds of marijuana, and sentenced to forty years imprisonment. His conviction was affirmed on appeal. *United States v. Simmons*, 725 F.2d 641 (11th Cir.), *cert. denied*, 469 U.S. 827, 105 S.Ct. 108, 83 L.Ed.2d 52 (1984). Appellant then filed a 28 U.S.C. § 2255 motion alleging newly discovered evidence and ineffective assistance of counsel. Although appellant's § 2255 motion did not raise any objection to the adequacy of appellant's interpreter, testimony was taken on this issue by the district court. The court denied the newly discovered evidence and ineffective assistance claims, but did not address the interpreter issue. This court remanded to the district court for a determination whether appellant had been deprived of an interpreter in violation of the Court Interpreters Act, 28 U.S.C. § 1827(d), and whether a language barrier had rendered the assistance of appellant's counsel ineffective or his trial fundamentally unfair. 841 F.2d 1089.

The district court held, after a "painstaking review of the transcripts of trial and the hearing on the 28 U.S.C. § 2255 motion," that appellant was not denied a fair trial or effective assistance. The district court emphasized that Julio Codias, a Spanish-speaking Georgia attorney, was present with appellant during the first day of trial.[1] The district court reviewed Codias' testimony that he attended the trial to "communicate with [appellant and his attorney] in Spanish." At the start of the trial, Codias was introduced to the court:

> THE COURT: All right, and you also have an interpreter.
>
> MR. HERNDON: Yes, Mr. [Codias], if you would stand. Mr. [Codias] is a member of the State Bar of Georgia, practices law in Atlanta, and is acting as interpreter today for Mr. Valladares.

> THE COURT: All right. It's permissible for Mr. [Codias] to sit inside the rail next to Mr. Valladares.

The court also discussed the hearing testimony of appellant's lawyer, Bobby Herndon, who stated he communicated with appellant through Codias, and that appellant and Codias were "talking a lot between each other." Herndon testified that he and appellant discussed trial strategy and that Herndon asked appellant specific questions through Codias. Codias himself testified that he summarized the testimony of the witnesses to appellant, and that appellant commented on the testimony. On this basis, the district court stated: "the Court concludes as a matter of fact that Mr. Codias was a competent and adequate interpreter for Valladares, and that Valladares, in fact, understood the nature of the proceedings against him as well as the substance of the testimony of the witnesses who testified on the first day of trial."

The district court also found that appellant had a "working knowledge of English." The court noted that appellant was a naturalized citizen, had lived in the United States for 17 years, and operated two businesses employing 40–60 people. On a number of occasions, appellant responded to the court's questions without the aid of an interpreter. A Government witness, Feltovich, also testified that he had communicated with appellant in English. The district court concluded that appellant "knew exactly what was going on in that courtroom," especially in light of the "absence of any complaints whatever on this score during any of the post-trial proceedings."

## II.

Appellant asserts three separate grounds for relief: violations of the Court Interpreters Act, 28 U.S.C. § 1827, the Fifth Amendment, and the Sixth Amendment. Section 1827 does place on the trial court a mandatory duty to inquire as to the need for an interpreter when a defendant has difficulty with English. See *United*

---

1. Only the first day of trial is at issue. Appellant concedes that a satisfactory interpreter, William Easterling, was present thereafter.

*States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir.1980). Here, however, an interpreter was present, and the only question presented is whether the interpreter performed adequately. Appellant contends that § 1827 requires reversal in any case where "continuous translation" was not provided. As the government points out, however, the cases appellant cites do not support this proposition. Rather, where continuous translation may not have been provided, the reviewing court must determine "whether the purposes of the Act were adequately met." *United States v. Lim*, 794 F.2d 469, 470 (9th Cir.1986). The ultimate question is whether any inadequacy in the interpretation "made the trial fundamentally unfair." *Tapia*, 631 F.2d at 1210.

 The use of an interpreter under § 1827 is committed to the sound discretion of the trial judge. *United States v. Coronel–Quintana*, 752 F.2d 1284, 1291 (8th Cir.1985); *Tapia*, 631 F.2d at 1209. Because the proper handling of translation hinges on a variety of factors, including the defendant's knowledge of English and the complexity of the proceedings and testimony, the trial judge, who is in direct contact with the defendant, must be given wide discretion. *Coronel–Quintana*, 752 F.2d at 1291.

Appellant's constitutional claims under the Fifth and Sixth Amendments are subject to a similar standard. "As a constitutional matter the appointment of interpreters is within the district court's discretion." *United States v. Bennett*, 848 F.2d 1134, 1141 (11th Cir.1988). The trial court must balance the defendant's rights to confrontation and effective assistance against the public's interest in the economical administration of criminal law, and the court's balancing is reversible only on a showing of abuse. *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir.1980).

It is also significant that appellant made no objection to the adequacy of his inter-

preter at trial.[2] Thus we do not here have to decide whether, upon proper objection, summaries are sufficient so that word-for-word translation is unnecessary. Reviewing courts have considered a lack of objection at trial as a factor weighing against a finding of abuse of discretion by the trial court. See *Bennett*, 848 F.2d at 1141; *Lim*, 794 F.2d at 471; *Tapia*, 631 F.2d at 1207; *Martinez*, 616 F.2d at 188. Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse.

The district court, as we have noted above, carefully reviewed the transcripts of the trial and the hearing on appellant's § 2255 motion. Given the general standards of review, and the clearly erroneous standard applicable to the district court's findings on the § 2255 motion, we think the district court correctly decided this case.

AFFIRMED.

---

**2.** There is no indication that appellant made any objection to the sufficiency of the interpreter at trial. See Fed.R.Crim.P. 30. Nor is there any indication that he raised the issue in his direct appeal. The claim would have been available to him at that time, and his failure to raise it ordinarily would constitute a procedural de-

fault. Defaulted claims in § 2255 cases are subject to the same "cause and prejudice" test applicable to claims of state prisoners. See *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). But the government has not asserted procedural default in this case.