

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3770

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sanchez" (2002). *2002 Decisions.* Paper 464.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/464

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No.  01-3770



UNITED STATES OF AMERICA

v.

ENRIQUE SANCHEZ,
a/k/a Enrique Rodriguez,


                                        Appellant



Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00223)
District Judge: Honorable Malcolm Muir



Submitted Under Third Circuit LAR 34.1(a)
June 27, 2002

Before: AMBRO and STAPLETON, Circuit Judges
O'NEILL*, District Judge

(Opinion filed : July 30, 2002 )


    *Honorable Thomas N. O'Neill, Jr., Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.



OPINION


AMBRO, Circuit Judge

     Appellant Enrique Sanchez appeals his sentence entered after a plea of guilty for
conspiring to distribute and possessing with intent to distribute in excess of 500 grams of
cocaine in violation of 21 U.S.C.  846.  Sanchez concedes that he waived his right to
appeal as part of his plea bargain.  However, he contends that the plea bargain should be
invalidated for the following reasons: 1) the District Court erred by accepting his guilty
plea of conspiracy to distribute cocaine without determining whether there was a factual
basis for the plea; 2) the court interpreter assigned to his guilty plea hearing was
unqualified; 3) his defense counsel was constitutionally ineffective; and 4) he did not
enter his plea knowingly and voluntarily.  Even though Sanchez frames all of the issues
within his ineffective counsel claim, we will examine them separately.  Sanchez' counsel
addressed the claims that the plea bargain was not knowing and voluntary, and that
Sanchez was sentenced incorrectly (which we discuss infra at footnote 2), in a brief

pursuant to Anders v. California, 386 U.S. 738, 744 (1967), and found no non-frivolous claims. After an independent review of Sanchez' claims, we affirm his conviction.

## I. Adequacy of Counsel's Anders Brief

According to Anders, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 388 U.S. at 744. Counsel is required to file a brief "referring to anything in the record that might arguably support the appeal," and the prisoner must receive a copy of the brief to review. Id. "[T]he court not counsel then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Id.

In order to determine the adequacy of an Anders brief, this Court carries out a two-part inquiry: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Youla further holds that the Court will reject briefs where it is not satisfied "that counsel adequately attempted to uncover the best arguments for his or her client," unless the frivolousness of the defendant's arguments is "patent." Id.

Sanchez' counsel submitted a brief discussing the measures taken to ensure that the plea hearing was fair and that Sanchez entered a knowing and voluntary plea. The brief also explains how the sentence was determined and how the District Court considered counsel's arguments against classifying Sanchez as a career criminal. The brief is short and superficial, and we would generally prefer more detail. However, since Sanchez' claims are patently frivolous, it meets the first prong of the Youla test. Id.

The remainder of this opinion will consider the second prong: whether our review of the record reveals any nonfrivolous issues for appeal. We conclude that it does not.

## II. Factual Basis Supporting Guilty Plea

Sanchez' claim that there was not a sufficient factual basis for his conspiracy plea is unpersuasive. During the plea hearing, the prosecutor described the conspiracy charge and the elements necessary to establish it. When asked by the District Judge, Sanchez said he understood the charge and agreed with it. The facts presented in the plea agreement and in the plea hearing also support the charge. The Due Process Clause "does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea. Rather, due process requires only that the plea be voluntary and intelligent." Meyers v. Gillis, 93 F.3d 1147,1148 (3d Cir. 1996). We are satisfied that these bases were touched in Sanchez' case.

## III. Adequacy of Court Interpreter

Sanchez' claim that the court interpreter was unqualified has no support. Sanchez does not point to anything that suggests the interpreter was inaccurate. The fact that the interpreter had to pause a few times and look up a phrase does not suggest that she was unqualified. Also, Sanchez admitted to speaking some English, and during the plea agreement he never made any objection to the interpreter or suggested that he did not understand what was going on. This indicates to us that his attack on the adequacy of the court interpreter lacks merit. See Valladares v. United States, 871 F.2d 1564,1566 (11th Cir. 1989).

## IV. Ineffective Assistance of Counsel

Sanchez also claims that his guilty plea was involuntary and unknowing due to ineffective assistance of counsel. However, this Court generally does not decide ineffective assistance of counsel claims on direct appeal. See United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998) (citing United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989)). Instead, "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." Id. (quoting Theodoropoulos, 866 F.2d at 598). An exception exists where "the record is sufficient to allow a determination of ineffective assistance of counsel," in which case an evidentiary hearing is not needed to develop the facts. Id. (quoting United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991)). We find no reason to deviate from our general rule.

\* \* \* \* \*

For these reasons, we affirm the judgment of the District Court and separately will grant counsel's motion for leave to withdraw under Anders.

TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Thomas L. Ambro
           Circuit Judge