**Makoudia FALL, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1394–AG NAC.**

United States Court of Appeals,
Second Circuit.

Dec. 28, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Jonathan S. Gasser, United States Attorney for the District of South Carolina, Marvin J. Caughman, Assistant United States Attorney, Columbia, South Carolina., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

## SUMMARY ORDER

Petitioner Makoudia Fall ("Fall") petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to Senegal and denying his applications for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the facts and procedural history of the case.

■ As to the application for asylum, the petition for review of that claim is dismissed because Fall did not contest on appeal to the BIA or this Court the IJ's finding that he had failed to demonstrate by clear and convincing evidence that he had filed his application for asylum within one year from the date of his entry. *See* 8 U.S.C. § 1158(a)(2)(D). He has, therefore, waived his arguments regarding the jurisdictional bar with respect to his asylum application. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Theodoropoulos v. INS*, 313 F.3d 732, 737 (2d Cir.2002).

■ Neither Fall's claim for withholding of removal nor his CAT claim are barred by the one year filing requirement found in 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1231(b)(3)(a) ("[T]he Attorney General may not remove an alien to a country [where] ... the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."); 8 C.F.R. §§ 1208.16, 1208.17 (requirements for mandatory withholding of removal or deferral of removal under CAT). Each of those claims, however, fails for other reasons. With respect to Fall's CAT claim, it appears that he first abandoned it before the BIA. He has not pursued it on appeal. This court would lack jurisdiction to review it because it was not raised in the appeal to the BIA from the IJ's decision. *Foster*

*v. INS*, 376 F.3d 75, 78 (2d Cir.2004) ("To preserve a claim, we require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review.' ") (quoting *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003). Moreover, because Fall did not brief the denial of his CAT claim on appeal to this court, he has waived any challenge to the IJ's CAT finding. *See Yueqing Zhang*, 426 F.3d at 542 n. 1; *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that an issue is abandoned when not raised in an appellate brief).

■ Regarding the claim for withholding of removal, the BIA's and IJ's factual findings are reviewed under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). In this case their determinations that the petitioner's credibility was called into question by the discrepancies between his written applications for relief and his hearing testimony were supported by substantial evidence. As for petitioner's assertion that problems with translation at his hearing violated his due process rights, by not raising that objection at the time the error was occurring before the IJ, he has waived the argument. *See Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir.1989) ("Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse.")

Accordingly, the petition in DIS-MISSED with respect to review of the denial of the asylum claim and DENIED with respect to review of the denial of the claims for relief under CAT and for with-holding of removal. The petitioner's motion for a stay of removal is denied as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).