**JIN GUO GONG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5948–ag.**

United States Court of Appeals, Second Circuit.

May 15, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quinones, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jin Guo Gong, through counsel, petitions for review of the BIA's October 13, 2004 decision affirming Immigration Judge ("IJ") Paul A. DeFonzo's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision.

Gong's requests for relief from removal were denied by the IJ in 2002, and denied again, on remand from the BIA, in 2004. Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d

Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ found, and the BIA agreed, that several inconsistencies in Gong's testimony, and omissions from his asylum application, undermined his credibility. The paramount inconsistency was Gong's repeated reference to his own sterilization, as opposed to his wife's. The first time that Gong referred to his own sterilization, the IJ questioned Gong about the conflict, to which Gong explained that he had been "wrong." The IJ proceeded to warn Gong that such errors could result in the denial of his application. Following the IJ's admonition, Gong stated twice that he had been sterilized, and when questioned by the IJ, Gong retracted his testimony. Because the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so, *see, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005), and because Gong's only justification for his inconsistent testimony was that he was "wrong," we find no error in this finding.[2]

■ Nor do we find error in the IJ's conclusion that certain omissions from Gong's asylum application adversely affected his credibility. The IJ noted that, despite having testified that he had a physical altercation with family planning officials which led to his eventual flight from his village (Joint Appendix at 101; Joint Appendix at 130), his written request for relief contained no reference to either a fight or a flight. Similarly omitted from Gong's application was any reference to an attempt to capture or detain him, as he had testified. (Joint Appendix at 90–91). While an applicant's failure to list in the application every detail that later emerges in his or her testimony should not prove fatal to credibility, *see Secaida–Rosales*, 331 F.3d at 308, the omissions in Gong's case concerned events that went to the heart of his asylum claim. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005). Therefore, the IJ did have a basis to rely upon these omissions from Gong's application to find Gong incredible.

Because the only evidence of a threat to Gong's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim of withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Moreover, by failing to present any factual or legal arguments in his appellate brief as to why he is entitled to CAT relief, Gong has waived that claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accor-

---

**2.** As for Gong's assertion that problems with translation at his hearing may have contributed to the perceived inconsistencies noted above, by not raising that objection at the time the error was occurring before the IJ, or in his appeal to the BIA, he has waived the argument. *See generally Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir.1989)

("Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse.").

dance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).