**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gabriel FLORES–LOPEZ, Defendant—Appellant.**

No. 05–30393.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.[*]

Filed Aug. 25, 2006.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**606**

Bruce F. Miyake, Esq., Tessa M. Gorman, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Ralph Hurvitz, Esq., Law Offices of Ralph Hurvitz, Seattle, WA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM **

Gabriel Flores–Lopez appeals from the district court's denial of his motion to withdraw his guilty plea and his guilty plea conviction for transportation of a minor for purposes of engaging in sexual activity in violation of 18 U.S.C. §§ 2423(b) and 2243(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores–Lopez contends that the district court abused its discretion by denying his

motion to withdraw his guilty plea because his plea was not knowing and voluntary due to his inability to understand his Mixteco translator at his change-of-plea hearing. We disagree.

The district court denied his motion after concluding "that the defendant's comprehension of Spanish and Mixteco, as shown by the Plea Colloquy and the hearing on November 19, 2004, demonstrates that defendant had an adequate comprehension of the consequences of the plea and that it was knowingly entered."

Although it is not inherently improbable that Flores–Lopez did not understand all that transpired at his change-of-plea hearing, the district court could have reasonably concluded that he had a sufficient understanding of the proceedings. *See United States v. Navarro–Flores,* 628 F.2d 1178, 1183 (9th Cir.1980). Furthermore, it is noteworthy that Flores–Lopez did not alert the court to any translation-related difficulties at the time of the hearing, despite the court's specific request that he do so. *See Valladares v. United States,* 871 F.2d 1564, 1566 (11th Cir.1989) (noting that "reviewing courts have considered a lack of objection at trial as a factor weighing against a finding of abuse of discretion by the trial court") (internal citation omitted). Flores–Lopez claims that he told the Mixteco translator that he could not understand him. However, a Spanish translator, whom Flores–Lopez later claimed that he understood, was also present at the hearing, and he did not make any attempt to alert her to any translation-related difficulties. *Id.*

Moreover, Flores–Lopez waited nearly five months after his change-of-plea hearing to attempt to withdraw his plea. *See Navarro–Flores,* 628 F.2d at 1183. We

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

therefore hold that, on these facts, Flores–Lopez has not demonstrated a fair and just reason for withdrawing his guilty plea.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.