[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2011
JOHN LEY
CLERK

No. 10-13069
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00019-MSS-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANDRE OLIVEIRA-GUARESQUI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 18, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Luis Andre Oliveira-Guaresqui appeals his conviction for aggravated

identity theft. 18 U.S.C. § 1028A(a)(1). Oliveira-Guaresqui challenges the denial

of his motion to suppress; the overruling of his objection to racial discrimination in jury selection, Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986); mistakes by court interpreters; the admission of the victim's birth certificate; an admonition given to defense counsel; and the closing argument of the United States. Oliveira-Guaresqui also challenges the denial of his motion for a new trial. We affirm.

The district court did not clearly err when it denied Oliveira-Guaresqui's motion to suppress statements he made to the police. Oliveira-Guaresqui argues that he was not proficient in English so as to understand or waive his rights to silence and counsel, see Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), but the record supports the finding that Oliveira-Guaresqui could "interact intelligently with the police," United States v. Zapata, 180 F.3d 1237, 1242 (11th Cir. 1999). Two officers of the Orange County Sheriff's Office and a federal agent testified that Oliveira-Guaresqui twice declined the assistance of an interpreter, conversed comfortably in fluent English, responded promptly and intelligently to questions asked in English, and even interrupted a conversation between officers regarding his numerous fake passports. Oliveira-Guaresqui also testified at the hearing on his motion, which gave the district court the opportunity to observe Oliveira-Guaresqui's ability to interact with the officers.

The district court did not err by overruling Oliveira-Guaresqui's objection

to the prosecutor's peremptory challenge of an Hispanic member of the jury venire. The district court determined that the United States had an articulable non-race basis to exclude the juror. See United States v. Campa, 529 F.3d 980, 998 (11th Cir. 2008). The record establishes that the prosecutor provided three legitimate race-neutral reasons to support the peremptory challenge: the prospective juror did not speak or understand English, see United States v. Edouard, 485 F.3d 1324, 1342–43 (11th Cir. 2007); the prospective juror "[didn't] like to . . . judge anybody," see United States v. Blackman, 66 F.3d 1572, 1575 (11th Cir. 1995); and the prospective juror was "a contractor" and had "no one to help [him] with his work." Oliveira-Guaresqui fails to provide any reason to "disturb . . . [the] trial judge's finding of no discrimination in the peremptory strike." United States v. Bernal-Benitez, 594 F.3d 1303, 1312 (11th Cir. 2010).

The district court also did not abuse its discretion by admitting the birth certificate for Jose Angel Soto Talavera that Oliveira-Guaresqui used as a false identity. The birth certificate was admissible as a public record under Federal Rule of Evidence 803(8)(A), (B). Juan Machado, the custodian of records for the Demographic Registry for Puerto Rico, testified that the birth certificate was authentic because it bore the green stamp and yellow seal placed on certificates issued by the Registry. Oliveira-Guaresqui argues that admission of the certificate violated his right of confrontation under the Sixth Amendment, but the birth

3

certificate is not a testimonial statement, <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. ____,129 S. Ct. 2527, 2539–40 (2009). The certificate was created as a record of live birth for a citizen of Puerto Rico, "not for the purpose of establishing or proving some fact at trial." <u>Id.</u>

Oliveira-Guaresqui argues, for the first time on appeal, that mistakes by interpreters denied him a fair trial as those mistakes violated the Court Interpreters Act, interfered with his right to counsel under the Sixth Amendment, and violated his right to due process under the Fifth Amendment, but Oliveira-Guaresqui fails to establish that his trial was "fundamentally unfair," <u>Valladares v. United States</u>, 871 F.2d 1564, 1566 (11th Cir. 1989). When Oliveira-Guaresqui twice objected about errors in translation, he did not complain that the errors violated his constitutional rights nor did he request a mistrial. On both occasions, the district court promptly replaced the interpreter. We are "unlikely to find that a defendant received a fundamentally unfair trial due to an inadequate translation in the absence of contemporaneous objections to the quality of the interpretation," <u>United States v. Joshi</u>, 896 F.2d 1303, 1310 (11th Cir. 1990), and Oliveira-Guaresqui fails to explain how the alleged errors interfered with his right to counsel or otherwise prejudiced his case.

Oliveira-Guaresqui also complains, for the first time, about a comment that the district court made to defense counsel during trial and about part of the closing

argument of the prosecutor, but no error, plain or otherwise, occurred in either instance. The district court was entitled to "'maintain the pace of the trial,'" United States v. Thayer, 204 F.3d 1352, 1355 (11th Cir. 2000) (quoting Hanson v. Waller, 888 F.2d 806, 813 (11th Cir. 1989)), by instructing counsel to "push forward" and refrain from repeating a question that Oliveira-Guaresqui had asked and answered. The United States likewise did not misstate during its closing argument the elements required to prove aggravated identity theft. Because the United States was required to prove beyond a reasonable doubt that Oliveira-Guaresqui "knew that the means of identification at issue belonged to another person," Flores-Figueroa v. United States, 556 U.S. ___, 129 S. Ct. 1886, 1894 (2009), the United States correctly told the jury that "the issue that you have before you is whether or not, when [Oliveira-Guaresqui] assumed the identity of Jose Angel Soto Talavera, that he did so knowing that [Talavera] was a real person."

Oliveira-Guaresqui challenges the denial of his motion for a new trial on two grounds, but both grounds lack merit. First, Oliveira-Guaresqui argues that the United States failed to prove that he knew Jose Talavera was a real person, but the United States presented testimony from a federal agent that Oliveira-Guaresqui admitted paying Talavera $4,000 for his birth certificate and social security card. Although Oliveira-Guaresqui testified that he had produced fraudulent documents

5

and had purchased what he believed were counterfeit identification documents, the jury was entitled to discredit that testimony when Oliveira-Guaresqui successfully used Talavera's birth certificate and social security card to obtain a driver's license, open a bank account, and secure a loan. See United States v. Gomez-Castro, 605 F.3d 1245, 1248–49 (11th Cir. 2010); United States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010). Second, Oliveira-Guaresqui argues for relief based on cumulative errors, but without any individual error, "no cumulative errors can exist," United States v. Waldon, 363 F.3d 1103, 1110 (11th Cir. 2004). The district court did not abuse its discretion when it denied Oliveira-Guaresqui's motion for a new trial.

We **AFFIRM** Oliveira-Guaresqui's conviction.