[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12151
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-22180-MGC

CARLOS JIMENEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Carlos Jimenez, a state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He argues on appeal, as he did before the district court, that during his trial for aggravated battery, the state trial court deprived him of his due process and confrontation rights, under the Fifth, Sixth, and Fourteenth Amendments, by denying his request for an interpreter in his native language, Mumm, during voir dire and closing argument.

In examining the district court's denial of habeas relief, we review any factual findings for clear error, and questions of law and mixed questions of law and fact de novo. Walls v. Buss, 658 F.3d 1274, 1277 (11th Cir. 2011). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), in reviewing state prisoner habeas claims that have already been considered and rejected by a state court, we cannot grant relief unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); Walls, 658 F.3d at 1277. In addition, we will not question a state court's application of state law in federal habeas corpus review, where no question of a constitutional nature is involved. Davis v. Jones, 506 F.3d 1325, 1332 (11th Cir. 2007).

2

When no Supreme Court precedent is on point, a state court's conclusion cannot be contrary to clearly established federal law as determined by the U.S. Supreme Court. Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003). A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies the established law to the facts of a case. Id. An unreasonable application of federal law is different from an incorrect application of federal law. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010). A federal court may not grant habeas relief simply because it concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Id. Rather, that application must be objectively unreasonable. Id.

Moreover, under AEDPA, we accord a presumption of correctness to a state court's factual findings. 28 U.S.C. § 2254(e)(1); Mason v. Allen, 605 F.3d 1114, 1118-19 (11th Cir. 2010). At the very least, the petitioner must show that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Jones v. Walker, 540 F.3d 1277, 1288 n.5 (11th Cir. 2008) (en banc); see also Cave v. Sec'y, Dep't of Corr., 638 F.3d 739, 744-47 (11th Cir.), cert. denied, 181 L.Ed.2d 298 (2011). Our review is "doubly deferential" when factual

findings underlie the state court's legal ruling. Childers v. Floyd, 642 F.3d 953, 972 (11th Cir.) (en banc), petition for cert. filed, (U.S. July 6, 2011) (No. 11-42).

Notwithstanding a constitutional violation, we will not reverse a conviction if the error is harmless. Mason, 605 F.3d at 1123. Whether an error is harmless is a mixed question of law and fact that we review de novo. In habeas proceedings, we review whether a constitutional violation is harmless by determining whether the error had a substantial and injurious effect or influence in determining the jury's verdict. To show prejudice, there must be more than a reasonable possibility that the error contributed to the conviction. Id.

The Sixth Amendment protects the right of an accused to be present at every stage of his trial. Illinois v. Allen, 397 U.S. 337, 338 (1970). Similarly, a defendant has a Fourteenth Amendment due process right to be present at a proceeding whenever his presence is reasonably related to the fullness of his opportunity to defend against the charge, to the extent that a fair and just hearing would be thwarted by his absence. See Snyder v. Massachusetts, 291 U.S. 97, 105-08 (1934), overruled in part on other grounds, Malloy v. Hogan, 378 U.S. 1, 6 (1964); United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir. 2000). Whether the exclusion of a defendant from a trial proceeding is permissible should be considered in light of the entire record. Snyder, 291 U.S. at 115-17. The Fourteenth Amendment likewise prohibits

trying an accused who lacks capacity to understand the proceedings or to assist in the preparation of his defense. See Drope v. Missouri, 420 U.S. 162, 171-72 (1975).

As a constitutional matter, the appointment of an interpreter is within the trial court's discretion. Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir. 1989); see also Perovich v. United States, 205 U.S. 86, 91 (1907). In determining whether an interpreter is needed, the trial court must balance the defendant's rights to due process, confrontation of witnesses, effective assistance of counsel, and to be present at his trial against the public's interest in the economical administration of criminal law. United States v. Edouard, 485 F.3d 1324, 1338 (11th Cir. 2007); Valladares, 871 F.2d at 1566. The basic inquiry is whether the failure to provide an interpreter made the trial fundamentally unfair. Edouard, 485 F.3d at 1337; Valladares, 871 F.2d at 1566.

After thorough review of the record and the parties' briefs, we affirm the district court's denial of Jimenez's habeas petition. Jimenez has not identified any on point clearly established Supreme Court precedent that the state court's rulings regarding the use of interpreters were contrary to, or of which the state court's rulings were an unreasonable application. He has likewise not established that the lack of a Mumm interpreter during voir dire and closing argument essentially excluded him from his trial, prevented him from understanding the proceedings or assisting in his

defense, or rendered the proceedings fundamentally unfair. Edouard, 485 F.3d at 1337-38; Valladares, 871 F.2d at 1566.

Nor has Jimenez shown that the state trial court's factual determination that Jimenez could adequately understand the Spanish translations provided during voir dire and closing argument was erroneous, in light of the evidence presented in the state court proceeding. The court heard testimony from several witnesses to the effect that Jimenez could understand Spanish. Moreover, even if the state court had committed constitutional error, any such error was harmless because Jimenez has pointed to nothing in the record that would suggest that the failure to use a Mumm interpreter for voir dire, closing argument, or both, had any effect, much less a substantial and injurious one, on the jury's composition or verdict. See Mason, 605 F.3d at 1123.

Finally, Jimenez's arguments regarding the interpretation of 28 U.S.C. § 1827 and Fla.Stat. § 90.606 are not properly before this Court, because: (i) they are outside the scope of the district court's certificate of appealability; (ii) 28 U.S.C. § 1827 only governs the use of interpreters in federal courts, not state courts; and (iii) we will not question a state court's application of state law in federal habeas corpus review, Davis, 506 F.3d at 1332.

**AFFIRMED.**