[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-11274
Non-Argument Calendar

————————————————

D.C. Docket No. 3:10-cv-00237-LC-CJK

RAYMOND EDWARD KITCHEN,

                                                    Petitioner-Appellant,

versus

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(July 11, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Raymond Edward Kitchen, a Florida state prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. In his petition, Kitchen contends that the inadequacy of the court-appointed interpreter at his jury trial rendered his trial unfair and violated his right to due process under the U.S. Constitution. We issued a certificate of appealability on the following two issues: "(1) Whether the district court erred when it found that Kitchen failed to exhaust his instant claim in the state courts, thereby procedurally defaulting it" and "(2) If the district court erred in its procedural ruling, whether it also erred when it denied, in the alternative, Kitchen's instant claim on the merits." Upon review, we conclude that Kitchen did exhaust his claim in state court but that the district court did not err in denying Kitchen's claim on the merits. We therefore affirm.

## I. STANDARDS OF REVIEW

When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo, and we review findings of fact for clear error. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006). Exhaustion presents a mixed question of law and fact and thus is subject to de novo review. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990).

2

## II.  DISCUSSION

### A.    *Exhaustion of State Remedies*

A district court cannot grant a habeas petition under § 2254 if the petitioner has not first exhausted the claims asserted therein in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  To exhaust a claim in state court, a petitioner must "fairly present[]" the claim in a manner such that "a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation."  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  We conclude Kitchen did so in the instant case.

Kitchen appealed his conviction, filed a petition to vacate his conviction under Florida Rule of Criminal Procedure 3.850, and also appealed the denial of his Rule 3.850 petition in state court.  In each of these proceedings, Kitchen fairly presented his federal claims by citing *United States v. Joshi*, 896 F.2d 1303, 1309 (11th Cir. 1990), to establish that inadequacies in the translation of trial proceedings can violate federal due process if they render a trial "fundamentally unfair."  *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal

3

grounds, or by simply labeling the claim 'federal.'"). Kitchen also cited cases from states other than Florida, further indicating that he had not based his claims solely on Florida law, and, in his appeal of the state court's denial of his Rule 3.850 petition, Kitchen also cited *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989), and stated that the inadequate translation of the trial proceedings violated "the very foundation of due process and a fair trial as guaranteed by the United States Constitution." Taken together, these references to federal rights did more than "scatter some makeshift needles in the haystack of the state court record." *McNair*, 416 F.3d at 1303 (11th Cir. 2005) (internal quotation marks omitted). Accordingly, we conclude Kitchen sufficiently presented his claims so as to exhaust his state court remedies for the purpose of seeking federal habeas relief.

## B.    *Merits of the Claim*

The district court determined that, even if Kitchen had exhausted his claims in state court, his petition would fail on the merits, and on this basis we affirm. To succeed on the merits, a § 2254 habeas petitioner must establish that a state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable

4

determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d)(1)-(2).

The state courts' decisions in the instant case were not contrary to or unreasonable applications of clearly-established federal law because no Supreme Court precedent establishes that translations of court proceedings that are inadequate in the manner Kitchen alleges render a trial "fundamentally unfair." Importantly, habeas review asks only whether the state court's decision was contrary to or unreasonably applied federal law that has been clearly established by the Supreme Court, not whether a federal court, in its independent judgment, agrees with the state court's application of federal law in an area that remains unsettled.  *See Hawkins v. Alabama*, 318 F.3d 1302, 1307 n.3 (11th Cir. 2003) ("The state courts must fully, faithfully and reasonably follow legal rules *already clearly established* by the Supreme Court of the United States. . . . [S]tate courts are not obliged to widen the rules." (emphasis added)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." (internal quotation marks omitted)).  Put simply, because the Supreme Court's cases give no clear answer to whether the translation deficiencies Kitchen alleged rendered his trial fundamentally unfair, "it cannot be said that the state court

5

unreasonably applied clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (brackets and internal quotation marks omitted).

## III.  Conclusion

For the foregoing reasons, we conclude that regardless of whether Kitchen exhausted his claims in state court, the claims fail on the merits, and he is therefore not entitled to habeas relief under § 2254.

**AFFIRMED**.