# IN THE COURT OF APPEALS OF IOWA

No. 14-1355
Filed July 9, 2015

**TUAN MINH TRAN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

An applicant appeals from the trial court's dismissal of his petition for postconviction relief. **AFFIRMED.**

Michael H. Said of Law Offices of Michael H. Said, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kelli A. Huser, Assistant Attorney General, John P. Sarcone, County Attorney, and Celene Gogerty, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Tuan Minh Tran appeals from the trial court's dismissal of his petition for postconviction relief granted pursuant to the State's motion for summary judgment.

## I. Background Facts and Proceedings

In May 1999 Tran pled guilty to possession of crack cocaine, a serious misdemeanor. Tran had only resided in the United States since 1990, and Vietnamese was his native language. He asserts he did not speak or understand English very well at the time the plea was taken. He further asserts that the interpreter provided to him was Laotian, and although the interpreter spoke a dialect similar to Vietnamese, the translation was such that Tran did not understand everything that was said. However, with the help of the interpreter, Tran entered a written plea of guilty. Tran was not represented by counsel during the proceeding. The recording of the proceeding was waived. The plea was accepted, and Tran was sentenced. He did not appeal.

In April 2014 Tran filed an application for postconviction relief. Tran contends that the plea should be set aside because the proceeding violated procedural due process. Specifically, he asserts that he did not understand what was transpiring because of the inadequate interpreter and further because no recording was made of the proceedings. He requests that the plea should be set aside for the reason that it was not knowingly and intelligently made. The State filed a motion for summary judgment contending that the application had not been filed within three years after the date of the conviction and was therefore

time-barred. *See* Iowa Code § 822.3 (2013). Tran resisted the motion, but it was granted.

## II. Error Preservation

It is generally considered that an issue must be raised and ruled on by the trial court for error to have been preserved. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The trial court granted the State's motion for summary judgment over Tran's objection.

## III. Appeals from Denial of a Postconviction-Relief Application

Appeals from denial of a postconviction-relief application, including summary dismissals, are ordinarily reviewed for corrections of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). When constitutional issues are raised, they are reviewed de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## IV. Discussion

The only issue before the court is whether the trial court erred in granting summary judgment rather than allowing the matter to proceed to resolution by trial.

The district court may grant summary judgment in a postconviction action if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6. If no disputed fact exists, the reviewing court must determine if the district court correctly applied the applicable law. *Miner v. State*, 819 N.W.2d 383, 393 (Iowa 2012). There is no disputed fact as to when Tran was convicted, nor when he filed his application for postconviction relief.

The trial court reached its decision by applying the three-year bar for postconviction proceedings. Iowa Code § 822.3. Trancontends that his case presents a statutory exception to the three-year bar because he has requested relief based on "a ground of fact or law that could not have been raised within the applicable time period." *Id.*

Iowa Code section 622A.2 provides that an interpreter be provided for any party to a legal proceeding if that party cannot speak or understand English. A recording of the proceeding is to be made. Iowa Code § 622A.8. The lack of a recording of the proceeding and the lack of an adequate interpreter has previously been raised as a basis for postconviction relief. *Perez v. State*, 2011 WL 3925682 at *1 (Iowa Ct. App. Sept. 8, 2011), *aff'd*, *Perez v. State*, 816 N.W 2d 354, 356, n.4 (Iowa 2012) (letting court of appeals decisions stand on these issues). The *Perez* court noted that Perez logically knew he required an interpreter when he entered his plea. *Id.* at *2. The court also noted that the requirements of section 622A.2 were not new. *Id.* The same reasoning applies as to Tran. Tran surely knew at the time of the plea that he needed an interpreter and that he was unable to communicate through the interpreter provided, if such was the case. The facts were present at the time the plea was entered.

Tran contends that for a plea to be valid it must be made voluntarily and knowingly. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *State v. Cisco*, 169 N.W.2d 542, 545 (Iowa 1969). Tran contends that because he did not understand the less-than-adequate interpreter, his plea of guilty was not voluntarily made. The contention fails for the same reason as his previous

contention failed. If he could not understand the interpreter, nothing has transpired since the plea was entered that would have made the translation's inadequacy any more evident than it was the day the plea was entered. There is "no new ground of fact or law" that could have not been raised within the three-year period after the plea was entered.

Even on a direct appeal it is unlikely that a reviewing court will grant relief based on the inadequate translation of the proceeding or the defendant's inability to understand the translator, absent a contemporary objection. *Thongvanh v. State*, 494 N.W.2d 679, 682 (Iowa 1993). To hold otherwise would present an open invitation for abuse. *Id.* (quoting *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989)).

**AFFIRMED.**