[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12316
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00515-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMIH ABDEL RAHMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 12, 2016)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Samih Rahman and his wife were indicted on a number of federal charges. Rahman pleaded guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957. He now appeals that conviction, arguing that he was entitled to an interpreter at his change of plea hearing and that his attorney had a conflict of interest that rendered his assistance ineffective.

Rahman, who is not a native English speaker, contends that the magistrate judge plainly erred by failing to inquire into his need for an interpreter at his change of plea hearing. Under the Court Interpreters Act, 28 U.S.C. § 1827, a trial judge has a "mandatory duty to inquire as to the need for an interpreter when a defendant has difficulty with English." Valladares v. United States, 871 F.2d 1564, 1565 (11th Cir. 1989). A defendant is entitled to an interpreter when he "(1) speaks only or primarily a language other than the English language; and (2) this fact inhibits [his] comprehension of the proceedings or communication with counsel or the presiding judicial officer." United States v. Edouard, 485 F.3d 1324, 1337 (11th Cir. 2007) (emphasis added) (quotation marks omitted). "The appointment of an interpreter, both under the Court Interpreters Act and as a constitutional matter, is committed to the sound discretion of the trial judge." Id. We review the trial judge's decision to determine whether the failure to provide an interpreter rendered the proceeding "fundamentally unfair." Id.

Although Rahman needed clarification at a few points during his change of plea hearing, the record as a whole demonstrates that he understood the nature and significance of the proceeding. He was able to communicate with the magistrate judge and his attorney during the hearing. Neither he nor his attorney asked for an interpreter or objected to the lack of one. In short, nothing in the record suggests that Rahman had communication difficulties that required the magistrate judge to inquire about whether he needed an interpreter. And nothing suggests that the magistrate judge's decision not to appoint one made his change of plea hearing "fundamentally unfair." See id. at 1339–40.

Rahman next contends that he was denied his Sixth Amendment right to the effective assistance of counsel because the lawyer he retained to represent him also represented his wife. Rahman argues that this joint representation resulted in an actual conflict of interest because, in exchange for his guilty plea, the government allowed his wife to plead guilty to a misdemeanor charge and recommended that she be sentenced to time served. According to Rahman, his attorney encouraged him to accept a plea agreement that furthered his wife's interests at the expense of his own. Rahman also contends that the magistrate judge failed to conduct an adequate inquiry under Fed. R. Crim. P. 44(c) to determine whether he had waived his right to conflict-free counsel.

3

Joint representation may result in a conflict that violates a defendant's right to counsel.  See United States v. Rodriguez, 982 F.2d 474, 476–77 (11th Cir. 1993).  A defendant "may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary."  United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994).   Absent such a waiver, "a defendant is entitled to representation free of actual conflict." United States v. Khoury, 901 F.2d 948, 968 (11th Cir. 1990).  "A speculative or hypothetical conflict," however, "does not violate the Constitution."  Id.  A defendant must show that his lawyer "actively represented conflicting interests," and that "the actual conflict had an adverse effect upon his lawyer's representation."  Id. (quotation marks omitted).  He must be able to "point to specific instances in the record to suggest an actual conflict or impairment of [his] interest."  Id.; see also United States v. Mers, 701 F.2d 1321, 1328 (11th Cir. 1983) (stating that a defendant "must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between alternative courses of action"; otherwise "the conflict remain[s] hypothetical").

We have recognized that "[a] major difficulty with reviewing claims of ineffective assistance on direct appeal is that the lawyer in question did not make a record on the issue of ineffective assistance."  Khoury, 901 F.2d at 969. Accordingly, such claims "may not be raised on direct appeal where the claim has

4

not been heard by the district court nor a factual record developed." Id.; see also Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003) (stating that the preferred means for deciding a claim of ineffective assistance is through a 28 U.S.C. § 2255 motion, "even if the record [on direct appeal] contains some indication of deficiencies in counsel's performance").

We agree with Rahman that the magistrate judge did not properly investigate whether he had waived his lawyer's alleged conflict. See United States v. Garcia, 517 F.2d 272, 276–78 (5th Cir. 1975). That failure does not warrant reversal, however, unless Rahman can show that an actual conflict adversely affected him, making his lawyer's representation ineffective. See Khoury, 901 F.2d at 968–69. Because Rahman did not raise the issue of his lawyer's conflict of interest in the district court, no factual record was developed on that issue. We therefore dismiss Rahman's ineffective assistance claim without prejudice to his reiterating that claim and having it decided on its merits in a timely filed 28 U.S.C. § 2255 proceeding. See id.

**AFFIRMED IN PART, DISMISSED IN PART.**