[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12053
Non-Argument Calendar

_____

BIA No. A78-976-916


CARLOS RODRIGUEZ QUINONES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(January 3, 2006)


Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Carlos Rodriguez Quinones, a native and citizen of Cuba, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the immigration judge's ("IJ") order of removal. The IJ determined that Quinones had abandoned his request for discretionary relief for adjustment of status to that of a lawful permanent resident, pursuant to the Cuban Adjustment Act, Pub.L. No. 89-732, 80 Stat. 1161 (1966) (reproduced as historical note to 8 U.S.C. § 1255), when he failed to timely file his application for adjustment of status.

Quinones argues that his due process rights were violated when the IJ ordered him removed after he missed the filing date for his adjustment-of-status application. Quinones avers that he had been proceeding pro se and did not understand the date he had to file his application. Thus, Quinones argues that his due process right to a full and fair hearing on his claims was violated, and that he was substantially prejudiced because he has no other way to adjust his status.

"Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings." Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1310 n.8 (11th Cir. 2001); see also Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987) ("Due process is satisfied only by a full and fair hearing.").

We have previously ruled that the failure to file a complete asylum application may result in a finding of abandonment and an order of removal. Rageevan v. U.S. Att'y Gen., No. 05-10300, 2005 WL 2224845, at *3-4 (11th Cir.

2

Sept. 14, 2005); see Kuschchak v. Ashcroft, 366 F.3d 597, 604-06 (7th Cir. 2004) (holding that IJ did not violate due process in finding that petitioner abandoned his withholding-of-removal application when petitioner missed deadline to file).  Here, Quinones received due process.  The IJ advised Quinones that he had to file an adjustment of status application by June 4, 2003, and Quinones replied, "Okay." The IJ notified Quinones of his deadline to file his application approximately eight months before the application was due, and set a hearing for September 9, 2003. While the "presence of a competent interpreter is important to the fundamental fairness of a hearing," Rageevan, 2005 WL 2224845, at *3 (citations omitted), "[a]n alien must raise objections to the insufficiency of the translation or hearing accommodations during the proceedings . . . to demonstrate a due process violation."  Id. (citing Soares v. INS, 449 F.2d 621, 623 (5th Cir. 1971); Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir. 1989)).  Although Quinones states that he misunderstood the date he was to file the application, the record does not reflect that he made any mention or objection regarding any miscommunications during the proceedings.  Moreover, the one particular miscommunication Quinones cites – which was really a misquote by the IJ in stating the year 2002, instead of 2003 – fails to state a due process violation because the IJ repeated the proper date shortly thereafter.  In addition the IJ stated quite clearly "if [the application is] not filed on or before June 4th of 2003 then I'm going to deem the application

3

abandoned." Because Quinones was given notice and an opportunity to be heard and because he failed to demonstrate prejudice, there was no due process violation.

Upon a review of the record and upon consideration of the parties' briefs, we discern no reversible error.

**PETITION DENIED.**