[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2003
THOMAS K. KAHN
CLERK

No. 01-12224

D. C. Docket No. 99-01176 CV-J-21

CHARLES EVERETT WASHINGTON,

Petitioner-Appellee,

versus

JAMES CROSBY,
CHARLIE CRIST,
Florida Attorney General,,

Respondents-Appellants.

Appeal from the United States District Court
for the Middle District of Florida

(March 21, 2003)

Before DUBINA, RONEY and COX, Circuit Judges.

DUBINA, Circuit Judge:

Appellant, the State of Florida ("State"), appeals the district court's order granting appellee/petitioner, Charles Everett Washington ("Washington"), federal habeas relief. For the reasons that follow, we reverse.

## I. BACKGROUND

A. *Facts*

On April 8, 1992, a black male sold less than 0.1 gram of cocaine to a confidential informant ("CI") in Suwannee County, Florida. Authorities videotaped the drug transaction. The audio portion of the videotape contained several incriminating statements by the CI, identifying the suspect as "Charles." Prior to trial, the State informed Washington that the State would not divulge the identity of the CI.

At trial, the State presented the testimony of Michael Bonds ("Bonds"), who testified that he was with the CI during the drug transaction. Bonds testified that two black males approached the CI's car. At the time of the transaction, Bonds did not know either individual. The entire drug transaction took approximately one minute and twenty seconds. Bonds testified that he relied heavily on the videotape in making his identification of Washington as one of the suspects. During closing argument, the State relied on the audio portion of the videotape to persuade the jury that Washington was the correct suspect. The State reminded

2

the jury that the CI referred to the suspect as "Charles" approximately five times. During its deliberations, the jury requested permission to review the videotape. Although Washington objected, the trial court permitted the videotape to be replayed for the jury.

B. *Procedural History*

The State charged Washington with sale or delivery of cocaine within 1,000 feet of a school and possession of cocaine with intent to sell or deliver within 1,000 feet of a school. Prior to trial, Washington filed a motion *in limine* asking the trial court to exclude as evidence the audio portion of the videotape, arguing that the use of such evidence would violate his rights to confrontation and due process. Throughout the trial, Washington renewed his objection to the audio portion of the videotape, by way of a motion for reconsideration, a motion for a judgment of acquittal, and numerous motions for a mistrial. A jury found Washington guilty as charged. The trial court sentenced Washington as an habitual offender to twenty-five years imprisonment with a three-year minimum mandatory term.

Washington appealed his conviction to the Florida appellate court, raising several issues, including whether the trial court erred in admitting the audio portion of the videotape of the purported cocaine transaction. The appellate court

3

affirmed Washington's conviction without opinion. Washington then filed a motion for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P., raising several claims, including his objection to the audio portion of the videotape. The trial court denied his motion and the appellate court affirmed.

Washington then filed a federal habeas petition asserting four grounds for relief. As one ground for relief, Washington argues that the trial court improperly admitted the audio portion of the videotape, in violation of his Fifth, Sixth, and Fourteenth Amendment rights. The district court entered an order granting the habeas petition, finding that the admission of the audio portion of the videotape violated Washington's Sixth Amendment right to confrontation. The State then perfected this appeal.[1]

## II. ISSUE

Whether the district court erred in determining that the trial court's admission of the audio portion of the videotape violated Washington's Sixth Amendment right of confrontation.

## III. STANDARD OF REVIEW

---

[1] When the State or its representative appeals, a certificate of appealability is not necessary. *See* Fed. R. App. P. 22(b)(3).

In habeas cases, this court reviews *de novo* the district court's determination as to whether a state court decision was reasonable and reviews for clear error the district court's findings of fact underlying the claim. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002).

## IV. ANALYSIS

The district court erred in granting Washington habeas relief because it erred in its application of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA limits a federal court's review. The federal courts will not grant a petition for writ of habeas corpus of a state prisoner on any claim adjudicated on the merits in the state court unless (1) the adjudication of the claim resulted in a decision "contrary to," or involved an "unreasonable application of," clearly established federal law as determined by the United States Supreme Court, or (2) the decision was an unreasonable determination of the facts as presented in state court. 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" the Supreme Court's clearly established precedent if (1) it applies a rule contradicting the governing law as set forth by Supreme Court case law, or (2) the state court, in a case with facts indistinguishable from those in a decision of the Supreme Court, arrives at a different result. *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert.*

5

*denied*, 534 U.S. 956, 122 S. Ct. 357, 151 L.Ed.2d 270 (2001). "A state court decision involves an unreasonable application of Supreme Court precedent 'if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 407, 120 S.Ct. 1495, 1520, 146 L.Ed.2d 389 (2000)). The Supreme Court cautioned that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411, 120 S. Ct. at 1522.

In applying the "contrary to" prong of AEDPA, we have recognized that where no Supreme Court precedent is on point, "we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court." *McIntyre v. Williams*, 216 F.3d 1254, 1258 (11th Cir. 2000). Washington does not cite any Supreme Court precedent that has held that playing the audio portion of a videotape, without an opportunity to cross-examine the speaker, violates a defendant's Confrontation Clause rights. Thus, we conclude that the Florida state court's decision cannot be "contrary to" clearly established federal law as determined by the Supreme Court. *Cf. Isaacs v. Head*,

6

300 F.3d 1232, 1252 (11th Cir. 2002) (holding that Georgia Supreme Court's decision was not contrary to clearly established federal law because neither the petitioner nor the federal court found any Supreme Court precedent to support the petitioner's assertion). Because the district court erred in its application of the ADEPA standard of review, we reverse the district court's order granting Washington federal habeas relief and remand this case with directions that judgment be entered in favor of the State.[2]

**REVERSED and REMANDED.**

---

[2]Even if we assumed that the district court did not err in finding a Confrontation Clause violation, we would hold that the violation was harmless under *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 123 L.Ed.2d 353 (1993). Accordingly, Washington would still not be entitled to relief.