[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03, 2008
THOMAS K. KAHN
CLERK

No. 07-13838
Non-Argument Calendar

_____

D. C. Docket No. 04-20724-CV-JAL

LEONARDO DIAZ,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, Walter A. McNeil,
ATTORNEY GENERAL OF THE STATE
OF FLORIDA, Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2008)**

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Leonardo Diaz, a Florida state prisoner serving a 30-year sentence after being convicted of the lesser-included offense of manslaughter at a second jury trial for first-degree murder, appeals the district court's denial of his counseled petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In his § 2254 petition, Diaz argued that the state trial court violated the Double Jeopardy Clause by retrying him for first-degree murder after declaring a mistrial when the first jury could not reach a unanimous verdict as to the lesser-included offenses. Diaz asserted that the state trial court should not have granted a mistrial, as it failed to explore alternatives to, and find "manifest necessity" for, a mistrial. Diaz also asserted that the state trial court should not have retried him for first degree murder, as the first jury "implicitly acquitted" him of this charge by considering the lesser-included offenses. For the reasons discussed below, we affirm.

## I. Underlying Facts

Diaz was indicted for premeditated murder. At the conclusion of his jury trial on this charge, the state trial court instructed the jury:

> In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime(s) of which he is accused, there may be evidence that he committed other acts that would constitute a lesser included crime. Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next decide if the defendant is guilty of any lesser included crime. The lesser included crimes indicated in the definition of First Degree murder are:

2

(1) Second Degree Murder [and] (b) Manslaughter.

After deliberating, the jury informed the state trial court that it could not reach a unanimous verdict, as 11 jurors felt the evidence supported a second-degree-murder conviction, while one juror "was holding out for manslaughter." The state trial court gave the jury an "Allen charge," and the jury continued deliberating the next day. The jury later returned, however, and informed the state trial court that it still could not reach a unanimous verdict. The jury did not explain its division, and the state trial court asked that the jury express in a note that it was deadlocked, without any indication of its division. The state trial court judge and the attorneys met in chambers. Diaz requested that the state trial court either poll the jurors on whether they had reached a verdict on the first-degree-murder charge or ask that the jurors return a verdict form indicating their verdict as to its charge. The state trial court declined, in accordance with its custom to refuse to take a verdict on the greater offense when the jury is hung on the lesser-included offenses, and declared a mistrial.

The state then moved to retry Diaz for first-degree murder. Diaz moved to dismiss the charge, on the ground that the jury at the first trial implicitly acquitted him of this charge. The state trial court denied the motion. At the close of the state's evidence at the second trial, Diaz renewed his motion to dismiss on double

jeopardy grounds. The state trial court denied the motion. At the close of the evidence and instructions, the jury began deliberations. At some point in the deliberations, the jury indicated that its members were split, six voting for a second-degree-murder verdict and six voting for a not-guilty verdict. After resuming deliberations the following day, the jury found Diaz guilty of manslaughter.

On direct appeal to the state appellate court, Diaz argued the following. The state trial court sua sponte granted a mistrial without exploring the alternatives or finding manifest necessity for a mistrial. Thus, pursuant to Supreme Court law, his retrial for first-degree murder was prohibited by the Double Jeopardy Clause. Also, the jury's indication that it was deadlocked as to the lesser-included offenses, coupled with the jury's instruction not to consider the lesser-included offenses unless it found that the evidence did not support a first-degree-murder conviction, demonstrated that the jury "impliedly acquitted" Diaz of first degree murder, such that he should not have been retried on this charge. The fact that he ultimately was convicted of a lesser-included offense at his second trial does not render his retrial for a jeopardy-barred offense harmless, as he should not have been put through the ordeal of a second first-degree-murder trial and because it could not be said that the first-degree-murder charge did not influence the jury to convict him of

4

manslaughter.  Accordingly, reversal of his conviction and retrial for only manslaughter  were necessary.

The state appellate court per curium affirmed Diaz's conviction, without reasoning save citations to Mathews and Commonwealth v. Roth, 776 N.E.2d 437 (Mass. 2002), and A Juvenile v. Commonwealth, 465 N.E.2d 240 (Mass. 1984). See Diaz v. State, 844 So.2d 655, 656 (Fla. Dist. Ct. App. 2003).

## II.  Facts Regarding § 2254 Petition

The district court denied Diaz's § 2254 petition, reasoning as follows.  First, regarding Diaz's manifest-necessity arguments, Diaz's double jeopardy rights were not violated when the state trial court granted a mistrial and retried him for first-degree murder because the first jury was hung.  In hung-jury cases, the state trial court has discretion not to explore alternatives. Also, regarding Diaz's implicit-acquittal arguments, Diaz's double jeopardy rights were not violated when he was retried for first-degree murder because the jury did not implicitly acquit him. Clearly established Supreme Court law only held that a conviction for a lesser-included offense is an implied acquittal for the greater offense charged.  Because the first jury did not reach a verdict, this law was inapplicable.  Likewise, no clearly established federal law required the state trial court to poll the jury on its conclusion regarding first-degree murder or accept a verdict on the greater charge

5

only.  Also, while the jury's initial indication that it was deadlocked regarding the lesser-included offenses may have implied that the jury no longer was considering Diaz's guilt of first-degree murder, its ultimate indication of deadlock did not provide reasoning.  Finally, because the retrial did not violate Diaz's double jeopardy rights, the question of whether Diaz was prejudiced was moot.

Diaz filed a motion for a certificate of appealability ("COA").  The district court  denied a COA, but we granted a COA on the limited issue of "[w]hether the appellant was 'implicitly acquitted' of first-degree murder when his first trial ended in a mistrial because the jury was deadlocked between the lesser included offenses of second-degree murder and manslaughter, and, if so, whether subsequent retrial on the charge of first-degree murder violated double jeopardy."

**IV. Law**

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact <u>de novo</u>, and findings of fact for clear error.  <u>Nyland v. Moore</u>, 216 F.3d 1264, 1266 (11th Cir. 2000).  The scope of review is generally limited to the issues specified in the COA.  <u>Murray v. United States</u>, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

Pursuant to § 2254,

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

6

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Also pursuant to § 2254, the state court's determination of any "factual issue. . . shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Under this standard, a state court decision is "contrary to" clearly established federal law "if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court conducts an "unreasonable application" of clearly established federal law "if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or if it "unreasonably extends, or unreasonably declines to extend, a legal principle from

7

Supreme Court case law to a new context." Id. We have cautioned that "an 'unreasonable application' is an 'objectively unreasonable' application." Id. Indeed, the Supreme Court has instructed that the question is not whether the state "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect. See Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002).

As it applies to the § 2254 standard, "clearly established federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). When no Supreme Court precedent is on point, a state court's conclusion cannot be "contrary to clearly established Federal law as determined by the U.S. Supreme Court." Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

In Green v. United States, 355 U.S. 184, 189-91, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957), the Supreme Court held that a defendant is impliedly acquitted of a greater charged offense when a jury returns a verdict convicting him of a lesser-included offense. In that case, the first jury was authorized to find the defendant guilty of either first-degree murder or the lesser-included offense of second-degree murder. Id. at 189-90, 78 S.Ct. at 224-25. The jury found him

8

guilty of second-degree murder. Id. On appeal, however, a court reversed the conviction and remanded for a new trial. Id. Accordingly, the defendant was retried for first-degree murder. Id. The Supreme Court held that this was error, reasoning that it "believe[d] th[e] case [could] be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.'" Id. at 191, 78 S.Ct. at 225.

In Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970), the Supreme Court reiterated the rule announced in Green. In that case, the defendant was charged with first-degree murder and convicted of manslaughter, successfully appealed his manslaughter conviction, and was retried for first-degree murder and convicted again of manslaughter. Id. at 324-26, 90 S.Ct. at 1758-59. The Supreme Court held that it was error to retry him for first-degree murder, reasoning that "this Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." Id. at 329, 90 S.Ct. at 1761. The Supreme Court also reasoned that the error was not harmless, even though the defendant ultimately was convicted again of the lesser-included offense, because

9

> [t]he Double Jeopardy Clause . . . is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence.

Id. at 331-32, 90 S.Ct. at 1762.

In Mathews, 475 U.S. at 245-46, 106 S.Ct. at 1037-38, the Supreme Court held that Price "did not impose an automatic retrial rule whenever a defendant is tried for a jeopardy-barred crime and is convicted of a lesser included offense," but rather "suggest[ed] that a new trial is required only when the defendant shows a reliable inference of prejudice." In that case, the defendant pled guilty to aggravated robbery, later was charged and convicted of aggravated murder based on the same criminal act, and argued on direct appeal that the aggravated-murder charge was barred by the Double Jeopardy Clause because of the aggravated-robbery conviction. Id. at 239-44, 106 S.Ct. at 1034-37. The state appellate court agreed and reduced the defendant's conviction to one for the lesser-included offense of murder. Id. The Supreme Court held that this was not error, rejecting the defendant's argument that he deserved a new trial for murder only. Id. at 247-48, 106 S.Ct. 1038-39. The Supreme Court reasoned that the defendant could not demonstrate that he was prejudiced by the inclusion of the aggravated-murder

10

charge on his second verdict form, as the jury's finding that the evidence supported an aggravated-murder conviction was tantamount to a finding that the evidence supported a murder conviction also.  Id. at 247, 106 S.Ct. at 1038.

## V. Analysis

As an initial matter, the question of whether the state trial court erred in declaring a mistrial is beyond the scope of the COA.  See Murray, 145 F.3d at 1250-51.  The COA asks only whether the state trial court violated the Double Jeopardy Clause by retrying Diaz for a charge of which the first jury impliedly acquitted him and, if so, whether he was prejudiced by this and merits a new trial for the lesser-included offenses only.  The COA does not ask whether the state trial court also violated the Double Jeopardy Clause by retrying Diaz for a charge after it failed to find a manifest necessity for declaring a mistrial regarding that charge.[1]  Accordingly, the only question before us  is whether Diaz was impliedly acquitted of first-degree murder and, if so, whether his retrial for this charge was prejudicial.

As it implicates this question, the state appellate court's affirmance of Diaz's conviction was not contrary to clearly established Supreme Court law and did not involve an unreasonable application of Supreme Court law.  See 28 U.S.C.

---

[1] Diaz claims on appeal that the manifest-necessity issue is inextricably intertwined with the implicit-acquittal issue.  However, he does not explain, and the record does not otherwise demonstrate, how.

11

§ 2254(d)(1).  The decision was not contrary to clear federal law because, in short, there is no Supreme Court law on point.  See Washington, 324 F.3d at 1265.  Both Green and Price are readily distinguishable, in that neither involved a hung jury.  See Green, 355 U.S. at 189-90, 78 S.Ct. at 224-25; Price, 398 U.S. at 324-26, 90 S.Ct. at 1758-59.  Indeed, the holding in Price specifically was limited to cases in which the first jury returned a verdict convicting the defendant of a lesser-included offense.  Price, 398 U.S. at 329, 90 S.Ct. at 1761.  Because these cases stand for the proposition that a conviction for a lesser-included offense also is an implied acquittal of the greater charged offense, they were not binding on the state trial court, as the first jury reached no verdict.  See Green, 355 U.S. at 189-90, 78 S.Ct. at 224-25; Price, 398 U.S. at 324-26, 90 S.Ct. at 1758-59.  Also, Mathews was not binding on the state trial court's decision of whether the retrial for first-degree murder was jeopardy-barred, as this point was conceded in Mathews.  See Mathews, 475 U.S. at 239-44, 106 S.Ct. at 1034-37.

The decision was not an unreasonable application of clear federal law because the state appellate court did not unreasonably refuse to extend the principles of Green and Price to the facts at hand.  See Putman, 268 F.3d at 1241.  The record establishes that the jury originally indicated that it was deadlocked as to the lesser-included offenses.  Given the jury instructions that, upon deciding that

12

first-degree murder was not proved beyond a reasonable doubt, it should consider the lesser-included offenses, the jury thereby arguably indicated that, at least at that point, it did not think Diaz should be convicted of first-degree murder. However, the jury then was given an Allen charge and continued to deliberate the following day. When the jury later indicated that it remained deadlocked, no explanation was requested or provided. Thus, it is not clear that the jury, at this point also, did not think Diaz should be convicted of first-degree murder. It is possible that the jury concluded that first-degree murder was not proved and began to discuss the lesser-included offenses on the first day of deliberations, but then revisited the first-degree murder issue on the second day of deliberations. Thus, the facts did not demonstrate an implicit acquittal sufficiently enough to call for an extension of established law. See Putman, 268 F.3d at 1241.

Accordingly, because the state appellate court's affirmance of Diaz's conviction after his retrial for first-degree murder was not contrary to, or an unreasonable application of, Supreme Court precedent, we affirm the denial of Diaz's § 2254 petition. See 28 U.S.C. § 2254(d)(1) and (2).

**AFFIRMED.**

13