[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15098
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62246-UU

JOSEPH STEFFEN,

                                                    Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 29, 2013)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Joseph Steffen, a Florida prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 2003 Florida convictions for four counts of burglary and three counts of grand theft. The state court denied Steffen's amended motion for post-conviction relief, and the state appellate court affirmed.

In the federal habeas proceeding, a magistrate judge recommended the denial of Steffen's § 2254 petition because, applying *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), the magistrate judge concluded that the state court's denial of post-conviction relief was neither contrary to nor an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. The district court adopted the magistrate judge's recommendation and denied Steffen's § 2254 petition.

We granted Steffen a certificate of appealability on the following issue: "Whether trial counsel was ineffective in failing to argue that Steffen's statements to the police should have been suppressed because the *Miranda* warnings that Steffen received were inadequate?"

On appeal, Steffen argues that he was not advised in a "catchall phrase" that he had the right to use any of the rights outlined in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), at any time during his police interview. Accordingly, he understood the given *Miranda* rights to limit the right to have counsel present to

2

the time before he made any statement and was not advised that he had the right to have an attorney present during questioning.  Steffen argues that no competent attorney would have concluded that filing a motion to suppress his statements would be a meritless endeavor, and that his trial counsel's failure in this regard was not the result of an alternate trial strategy.[1]

When reviewing the district court's denial of a § 2254 petition, we review "questions of law and mixed questions of law and fact, including ineffective assistance of counsel claims, *de novo*, and review findings of fact for clear error." *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1098 (11th Cir. 2009). However, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a "highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S.Ct. 1855, 1862 (2010) (internal quotations marks omitted).  Thus, we review the district court's decision *de novo*, but we review the state court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010).

---

[1] Steffen also contends that, under the doctrine of estoppel, the state should not be allowed to now argue that Steffen's trial counsel did not move for suppression based on inadequate *Miranda* warnings because of a trial strategy.  The state correctly notes that issues of estoppel are beyond the certified question on appeal. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that "in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the [certificate of appealability].").  Accordingly, we do not review Steffen's arguments regarding estoppel.

A federal court may not grant a writ of habeas corpus for a state prisoner where the claim was adjudicated on the merits by a state court unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 784-85 (2011) (holding that the state court decision need not be accompanied by an explanation or a statement of reasons, so long as the judgment is on the merits).

The phrase "clearly established" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 1172 (2003). A state court decision can be contrary to established law in two ways: "(1) it applies a rule contradicting the governing law as set forth by Supreme Court case law, or (2) the state court, in a case with facts indistinguishable from those in a decision of the Supreme Court, arrives at a different result." *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir. 2003). If there is no Supreme Court precedent on point, a state court's conclusion cannot be contrary to clearly established federal law as determined by

4

the Supreme Court. *Id.* A state court decision also represents an unreasonable application of clearly established federal law if the state court correctly identifies the governing legal rule from Supreme Court cases and unreasonably applies the established law to the facts of a case. *Id.* Even if we conclude that the state court applied federal law incorrectly, relief is only appropriate if that application is also objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850 (2002).

The Supreme Court decision applicable in an ineffective-assistance-of-counsel case is *Strickland.* *See Premo v. Moore*, 562 U.S. ___, ___, 131 S.Ct. 733, 739 (2011). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington,* 562 U.S. at ___, 131 S.Ct. at 788 (internal quotation marks and citations omitted). To succeed on an ineffective-assistance-of-counsel claim under *Strickland*, a petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Under § 2254(d), "the question is not whether counsel's actions were reasonable [but] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at ___, 131 S.Ct. at 788.

With respect to *Strickland*'s deficient-performance prong, "a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (internal quotation marks omitted). A district court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

To prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," but "some conceivable effect on the outcome of the proceeding" is not a reasonable probability. *Id.* at 693-94, 104 S.Ct. at 2067-68.

Before being questioned by the police, an individual in custody must be "clearly informed" that he has, among other rights, "the right to consult with a lawyer and to have the lawyer with him during interrogation." *Miranda*, 384 U.S.

6

at 471, 86 S.Ct. at 1626. *Miranda* prescribed that an individual must be given the following warnings: (1) "that he has the right to remain silent"; (2) "that anything he says can be used against him in a court of law"; (3) "that he has the right to the presence of an attorney"; and (4) "that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479, 86 S.Ct. at 1630.

In *Roberts v. State*, 874 So.2d 1225 (Fla. Dist. Ct. App. 2004), the state appellate court declared the Broward County Sheriff's Office *Miranda* warnings inadequate because, while they stated an attorney may be present before questioning, they did not inform a defendant that he has the right to have counsel present during interrogation. *Id.* at 1226, 1228. Under *Roberts*, the use of "before" misleads a defendant into believing that an attorney could not be present during questioning. However, a subsequent decision by the United States Supreme Court holds that "the term 'before' merely conveyed when [an individual's] right to an attorney became effective—namely, before he answered any questions at all. Nothing in the words used indicated that counsel's presence would be restricted after the questioning commenced." *Florida v. Powell*, 559 U.S. 50, 63, 130 S.Ct. 1195, 1205 (2010). Thus, temporal language such as "before" does not render *Miranda* warnings inadequate if the warnings are "sufficiently comprehensive and comprehensible when given a commonsense reading." *Id.*; *see id.* at 60, 130 S.Ct.

7

at 1204 ("[T]his Court has not dictated the words in which the essential information must be conveyed."). The *Miranda* rights at issue in *Powell* included a catchall phrase that the defendant had the "right to use any of these rights at any time you want during this interview." *Id.* at 54, 130 S.Ct. at 1195.

Here, we conclude from the record that Steffen has not overcome the doubly deferential standard of review required by *Strickland* and § 2254(d) to establish that the state court's rejection of his ineffective-assistance-of-counsel claim was objectively unreasonable. *See Harrington*, 562 U.S. at ___, 131 S.Ct. at 788. There is a reasonable argument that Steffen's counsel satisfied *Strickland*'s deferential standard. *See id*. At trial, Steffen's attorney advocated Steffen's position that he never received any *Miranda* warnings. Counsel's decision not to argue also that Steffen actually received warnings, but that they were inadequate, was within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. This is especially true given that, under the pre-*Roberts* law as it existed at the time of Steffen's 2003 trial, it appeared that the *Miranda* warnings were constitutionally adequate, and the constitutionality of those warnings finds support in the Supreme Court's recent *Powell* decision. *See id.*; *Cummings*, 588 F.3d at 1356. Accordingly, because Steffen has not met the first prong of *Strickland*, the state court's rejection of his ineffective-assistance-of-counsel claim was neither contrary to, nor an unreasonable application of, clearly

8

established federal law.  Thus, we affirm the district court's judgment denying

Steffen's petition for writ of habeas corpus.

**AFFIRMED.**