[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11718
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01400-MMH-MCR

SIMON A. SANCHEZ,

                                                            Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 25, 2020)

Before BRANCH, GRANT,  and ANDERSON, Circuit Judges.

PER CURIAM:

Simon A. Sanchez, a Florida prisoner proceeding *pro se*, challenges the district court's denial of his 28 U.S.C. § 2254 petition on the ground that his trial counsel's performance was deficient. On appeal, he argues that the district court erred because his trial counsel's performance was deficient when he failed to object to a set of jury instructions that were allegedly confusing, presumptive, and conclusory.

When reviewing a district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact *de novo*. *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1098 (11th Cir. 2009). Appellate review is limited to the issues specified in the COA. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006). Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a "highly deferential standard for evaluating state-court rulings and [it] demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotations omitted). Thus, we review the district court's decision *de novo* but review the state court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010).

A federal court may not grant a writ of habeas corpus for a state prisoner where the claim was adjudicated on the merits by a state court unless the state court's decision:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  Section 2254(d) "preserves authority to issue the writ [of habeas corpus] in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Harrington*, 562 U.S. at 102.

A state court decision can be contrary to established law in two ways: "(1) it applies a rule contradicting the governing law as set forth by Supreme Court case law, or (2) the state court, in a case with facts indistinguishable from those in a decision of the Supreme Court, arrives at a different result."  *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir. 2003).  A state court decision represents an unreasonable application of clearly established federal law if the state court correctly identifies the governing legal rule from Supreme Court cases but unreasonably applies it to the facts of a case.  *Id.*  The "unreasonable application" inquiry requires that the state court decision "be more than incorrect or

3

erroneous"—it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 419-20 (2014).

A state court's factual determination is generally entitled to a presumption of correctness, and the applicant has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A state court's factual determination is unreasonable if no fairminded jurist could agree with that determination. *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012).

A state court's summary, unexplained rejection of a constitutional issue qualifies as an adjudication that is entitled to deference. *Harrington*, 562 U.S. at 98-99. For § 2254(d) to apply, the state court is required only to reject a claim on the merits, not to provide an explanation or statement of reasons. *See Harrington*, 562 U.S. at 98-99. A federal habeas court deciding whether a state court's decision involved an unreasonable application of federal law or was based on an

unreasonable determination of fact within the meaning of AEDPA, when the relevant state-court decision on the merits does not come accompanied with reasons for its decision, should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale and then presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192-97 (2018).

The Constitution provides criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland*, 466 U.S. at 684-86. To demonstrate ineffective assistance of counsel, the petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the proceeding's result would have been different, but for his counsel's ineffective assistance. *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc). We engage in a "highly deferential" review of counsel's performance. *Id.* at 1314 (internal quotations omitted). It is presumed that a petitioner's counsel acted competently, and the petitioner must prove that his attorney's representation was unreasonable under prevailing professional norms. *Id.* at 1314 n.15. "[A] petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. In order to prevent the effects of hindsight, a court must analyze an attorney's action from the perspective that the attorney would have had when he

took the action.  *Id.* at 1316.

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A reasonable probability is one sufficient to undermine confidence in the outcome.  *Id.*  It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding.  *Id.* at 693.  Rather, he must show that the result would have been different.  *Id.*

When the deferential standard of *Strickland* is combined with the deferential standard of the AEDPA, the result is a doubly deferential standard of review in federal court.  *Harrington*, 562 U.S. at 105.  "It was meant to be, and is, difficult for a petitioner to prevail under that stringent standard."  *Nance v. Warden, Ga. Diagnostic Prison*, 922 F.3d 1298, 1301 (11th Cir. 2019).

A jury instruction that is incorrect under state law is not a basis for habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).  The only determination that a federal court can make regarding allegedly incorrect state jury instructions is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Id.* at 72.  "It is well established that the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record."  *Id.* (internal quotations omitted).  "In addition, . . . [federal courts] inquire whether there is a reasonable

6

likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* (internal quotations omitted). Our inquiry will not focus on "whether the challenged instructions were undesirable, erroneous, or even universally condemned." *Jamerson v. Sec'y, Dept. of Corr.*, 410 F.3d 682, 690 (11th Cir. 2005).

Here, the district court properly denied Sanchez's § 2254 petition because he failed to show that the state appellate court unreasonably applied clearly established federal law or relied on an unreasonable determination of the facts when it denied his claim for ineffective assistance of counsel. 28 U.S.C. § 2254(d). Procedurally, we must defer to the state postconviction court's decision regarding Sanchez's July 2012 Rule 3.850 motion. *Wilson*, 138 S. Ct. at 1192-97.

Substantively, Sanchez failed to establish that Nolan's performance was deficient when he failed to object to the challenged jury instruction. To the extent that Sanchez argues the allegedly defective jury instruction violated state law, we cannot grant him federal habeas relief. *Estelle*, 502 U.S. at 71-72. Although the challenged instruction arguably was worded in a confusing manner, that wording, alone, is not enough to show that that it "infected the entire trial" and that Sanchez's conviction violated due process. *Id.* The jury instructions, viewed as a whole, provided the jury with three options to determine whether Sanchez used a weapon. Moreover, the instruction's included definitions of what constitutes a

"weapon" and a "deadly weapon," further correcting any confusion the allegedly deficient instruction might have caused.  The single instruction that Sanchez challenges did not prevent the jury from understanding how to define a deadly weapon, thereby preventing a violation of his due process rights.  *Estelle*, 502 U.S. at 71-72.  Accordingly, we affirm.

    **AFFIRMED.**